but in terms of their respective substantiality and persuasiveness. Basically, what the sentencing authority must decide is how compelling or persuasive the totality of the mitigating factors are when compared against the totality of the aggravating factors. The sentencing body, in making the judgment that aggravating factors 'outweigh,' or are more compelling than, the mitigating factors, must have no reasonable doubt as to that conclusion, and as to the additional conclusion that the death penalty is justified and appropriate *after considering all the circumstances.*" (Emphasis added.)

The petitions for certiorari in these three cases request the Court to review the decision of the Supreme Court of North Carolina affirming the death penalty in each case. I do not criticize the Court's action in denying certiorari because the question whether the instructions to the juries are consistent with *Lockett* remains open for consideration in collateral proceedings. Moreover, even if relief may not be warranted in these cases, the North Carolina judiciary may find it appropriate to make slight changes in the form of its instructions to avoid the ambiguity I have identified.

JUSTICE BRENNAN and JUSTICE MARSHALL dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 81–2015.  CHURCHILL AREA SCHOOL DISTRICT *v.* HOOTS ET AL., *ante,* p. 877;

No. 81–2030.  EDGEWOOD SCHOOL DISTRICT ET AL. *v.* HOOTS ET AL., *ante,* p. 824; and

No. 81–2094.  CLANCY ET AL. *v.* JARTECH, INC., ET AL., *ante,* p. 826.  Petitions for rehearing denied.