**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**C.A. CONSTRUCTION CORPORATION Amado G. Cordero Castillo and his wife Asuncion Abreu De Cordero, and their legal conjugal partnership, and Noemi Rodriguez Abreu, Defendants.**

Civ. No. 81–0968 GG.

United States District Court, D. Puerto Rico.

March 29, 1985.

Dan Persinger, Deputy General Counsel, Rae Schupack, Area Counsel, Federal Deposit Insurance Corp., New York City, John David Ferrer, Counsel, Ivan Cintron Campos, Attorney, San Juan, P.R., for plaintiff.

Ortiz-Toro & Ortiz Brunet Noemi Rodriguez-Abreu, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action for collection of monies brought by plaintiff, the Federal Deposit Insurance Corporation (F.D.I.C.) against C.A. Construction Corporation, Amado G. Cordero Castillo and his wife Asunción

Abreu de Cordero [1] and their legal conjugal partnership, and Noemi Rodriguez Abreu. Default Judgment was entered on December 17, 1982, against C.A. Construction Corporation. Amado G. Cordero Castillo and his wife Asunción Abreu de Cordero and the legal partnership constituted by them filed a bankruptcy petition and on February 27, 1985, an Order of Discharge of Debtors was entered in their case. Therefore, the only defendant remaining in the present action is Noemi Rodríguez Abreu (Rodríguez-Abreu). Jurisdiction is invoked pursuant to 28 U.S.C. § 1345.

Now pending before us is plaintiff's motion accompanied by a sworn statement and other supporting documents requesting the entry of summary judgment as to defendant Noemí Rodríguez Abreu. Defendant Rodríguez-Abreu has filed an opposition accompanied by her own sworn statement.

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." In ruling on such a motion, the court must look at the record in the light most favorable to the party opposing the motion and must indulge all inferences favorable to that party. *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922 (1st Cir.1983); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

■ Furthermore, Rule 56(c) provides that once a motion for summary judgment has been made and properly supported, the non-moving party may not rest upon mere allegations, but must instead reply setting forth specific facts showing that there is a genuine issue for trial. If a movant has alleged specific undisputed facts that entitle it to summary judgment as a matter of

law, then the burden shifts to the opposing party to show that summary judgment is inappropriate. *Nicholas Acoustics & Specialty Co. v. H. & M. Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983).

We have closely examined the record, including defendant's answer to the complaint, and find that the following facts are uncontested:

1– This court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

2– Plaintiff, Federal Deposit Insurance Corporation, a corporation organized pursuant to Title 12 U.S.C. § 1811, et seq., brings this action in its corporate capacity.

3– Banco Crédito y Ahorro Ponceño (the Bank) was a banking institution organized and existing under the laws of the Commonwealth of Puerto Rico prior to March 31, 1978.

4– On or about March 31, 1978, the Secretary of the Treasury of Puerto Rico determined that the Bank was insolvent.

5– Pursuant to 12 U.S.C. § 1821(e), the F.D.I.C. was appointed receiver of the Bank.

6– The F.D.I.C., in its corporate capacity, purchased certain assets of the Bank.

7– Among the assets acquired by plaintiff was the loan and promissory note subject of the present controversy.

8– On March 19, 1976, C.A. Construction as principal and Amado Cordero Castillo, as guarantor, issued a $50,000 promissory note to the order of Banco Crédito y Ahorro Ponceño with 12% interest and due on demand. (Copy of the note was annexed as Exhibit A of the Complaint).

9– For the purpose of securing the payment of the principal of said note, plus interest as agreed therein, several security instruments were tendered. Among them was the following:

Bearer demand note in the principal amount of $10,000 issued by co-defend-

---

1. In the complaint and other motions filed in this case, this defendant is also referred to as Carmen Abreu de Cordero.

ant Noemí Rodríguez Abreu and executed on July 2, 1974, through affidavit # 11,894 before Notary Public Luis Pérez Centeno which note is presently held by plaintiff. (Copy of the note was annexed as Exhibit B of the complaint). This note was guaranteed by a mortgage constituted over the following property:[2]

URBAN: Lot located in the Mabu Ward of the Township of Humacao, Puerto Rico, of the semi-rural Antonio Roig Urbanization, consisting of ONE THOUSAND TWO HUNDRED SIXTY ONE SQUARE METERS WITH SEVEN HUNDRED NINETY ONE THOUSANDTHS OF ANOTHER (1,261.791) and in boundaries by the North in twenty eight meters with fifty hundredths of another (28.50) with lands of Don Seferino Morell; by the South in eighty meter with seventeen thousandths of another (80.017) with lands of Don Justino Cruz; by the East in six meters with Street A of the Antonio Roig Urbanization; and in twenty four meters with seventy centimeters of a meter with lot B segregated from the main lot and by the West in thirty one meters with five hundred thirty four thousandths of another (31.534) with lands of Ryder Memorial Hospital.

10– Plaintiff is the legal owner and/or holder of the $10,000 note issued by defendant Rodriguez-Abreu and its payment has been demanded.

11– Plaintiff is entitled to recover from defendant Rodríguez-Abreu the following amounts: (See affidavit of Mr. Thomas Niemczyk annexed to motion for summary judgment).

| | | |
|---|---|---|
| Principal | | $10,000.00 |
| Interests as of July 19, 1984 | | 3,045.20 |
| | Total | $13,045.20 |
| Per diem | $ 2.47 | |
| Court costs and attorney's fees | 1,000.00 | |

It is not controverted that defendant Rodríguez-Abreu is liable. The only issue pending determination is defendant's claim that she acted only as a surety for C.A.

Construction and not as a joint debtor, and as such, the F.D.I.C. must collect first from the principal debtor. She further asserts that it was expressly understood when the loan was granted by the Bank that her liability would be conditioned on the default of the principal debtors, prior co-defendants C.A. Construction Corporation, Amado Cordero and Carmen Abreu de Cordero. Thus, it appears that defendant's argument is based on an alleged oral agreement with the Bank, substantially modifying the promissory note in record, which is an asset of the F.D.I.C.

Notwithstanding, 12 U.S.C. § 1823(e) provides:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

This statute prescribes the requirements an agreement must meet to be valid against the F.D.I.C. Furthermore, it reflects Congress' intention of providing special protection to assets acquired by the F.D.I.C. that are not available to ordinary holders of commercial paper and are not dependent on whether F.D.I.C. would qualify as a holder in due course under state law. *F.D.I.C. v. Merchants National Bank of Mobile,* 725 F.2d 634 (11th Cir. 1984), *cert. denied,* — U.S. ——, 105 S.Ct. 114, 83 L.Ed.2d 57.

■ In the present case there is no evidence on record of the existence of the

---

**2.** There is no controversy that the deed of mortgage was never recorded due to several defects and, consequently, the mortgage was never validly constituted.

agreement between defendant Rodríguez-Abreu and the Bank, therefore, if the agreement did exist, it must have been a verbal one. In fact, defendant does not contend that said agreement was in writing. Clearly, this fails to meet the threshold requirement of Section 1823(e) that the agreement be in writing.

Therefore, since the agreement does not meet the statute's requirements, it cannot defeat or diminish F.D.I.C.'s right, title, or interest in the asset. *See Federal Deposit Insurance Corporation v. Merchants National Bank, supra,* at p. 638; *Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.) *cert. denied,* 459 U.S. 826, 103 S.Ct. 477, 74 L.Ed.2d 624 (1982); *Chatham Ventures, Inc. v. Federal Deposit Insurance Corporation,* 651 F.2d 355 (5th Cir.1981) (Unit B), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

The asset subject of the present controversy is a promissory note issued to bearer and payment is due on presentation. (See Exhibit B of the Complaint). The Uniform Law of Negotiable Instruments defines a negotiable promissory note as "an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer ..." Title 19 L.P.R.A. § 361. Certainly, the promissory note issued by defendant meets the conditions set forth in Section 361.

Furthermore, an instrument payable to bearer is transferable by mere delivery. *Lozada Merced v. Registrar,* 100 P.R.R. 97, 102 (1971). The mere delivery of the promissory note to secure a debt places it in circulation and a negotiable instrument with value emerges to legal life. This must be so because otherwise, it would not have any value as security for the receiver. *Vendrell v. Torres,* 85 P.R.R. 842, 845 (1962).

In this case the promissory note was delivered to the Bank. The F.D.I.C. thereafter acquired the note and is now its present holder in due course. Consequently, it may demand and collect payment from the issuer, the defendant herein. Given these facts, defendant's argument of a contract of surety fails completely. As stated before, we are dealing with a promissory note payable to the bearer which is a negotiable instrument.

Additionally, from the transcript of the deposition of defendant, it appears that she accepted and acknowledged that she owes the ten thousand dollars plus interest and whatever else is agreed to in the promissory note. She also acknowledged that the F.D.I.C. was the current holder of the note, that the note was to the bearer, and that it was due on presentation. (See Attachment A of Motion for Summary Judgment at pp. 6, 8 and 11).

WHEREFORE, it appearing from all of the above that plaintiff has positively established that there is no genuine issue as to any material fact and that it is entitled to summary judgment as a matter of law, plaintiff's motion for summary judgment is hereby granted.

The clerk shall enter judgment against defendant Noemí Rodríguez Abreu for the amounts set forth in paragraph eleven of this Opinion and Order.

SO ORDERED.