Jose F. SARRAGA, Plaintiff,

v.

GIROD VELA & CO., INC., et al., Defendants.

Civ. No. 85–2076 GG.

United States District Court, D. Puerto Rico.

June 3, 1986.

---

Ruben T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for plaintiff.

Dina L. Biblin, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for FDIC in its corporate capacity.

Raúl E. González Diaz, González & Alonso, Hato Rey, P.R., for FDIC in its receivership capacity.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This case has its genesis in the failure of Girod Trust Company (the Bank). On Au-

gust 16, 1984, the Secretary of the Treasury of Puerto Rico determined that the Bank was insolvent and placed it in receivership pursuant to 7 P.R. Laws § 201. On that same date, the Federal Deposit Insurance Company (FDIC) was appointed receiver and liquidator of the Bank and accepted such appointment pursuant to 12 U.S.C. § 1821(e).

The complaint was originally filed by plaintiff in the Superior Court of Puerto Rico, San Juan Part against the Bank, Girod Vela & Co., Inc., and the FDIC in both its corporate and receiver capacities. The action was removed to this court on October 4, 1985.

Now pending is the FDIC's motion to dismiss the first cause of action against it in its corporate capacity for lack of subject matter jurisdiction. In his first cause of action plaintiff seeks damages from the FDIC in its corporate and receivership capacity as a result of an alleged breach of its fiduciary duty during the liquidation of the Bank. The second cause of action seeks to recover from the Bank and the FDIC in its receiver capacity $2,504.25 for services rendered and not compensated.

In synthesis, FDIC argues that the first cause of action sounds in tort and should be dismissed for lack of subject matter jurisdiction, for failure to name the correct party and for failure to file an administrative claim under Section 2675(a) of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, *et seq.* (FTCA) Plaintiff essentially claims that the FTCA immunities are not applicable by averring that his complaint does not sound in tort, but rather rests upon an alleged breach of contract.

Although Section 1819(4) of the Federal Deposit Insurance Act vests the FDIC with the capacity to "sue and be sued", this section is not an unqualified waiver of sovereign immunity since Section 2679(a) of Title 28 U.S.C. specifically provides that the authority of any federal agency to sue and be sued cannot be construed to authorize suits against federal agencies which are cognizable under Section 1346(b) of Title 28 U.S.C. It is axiomatic that claims for

money damages which sound in tort must be brought against the United States and not against the FDIC. *Safeway Portland E.F.C.U. v. FDIC*, 506 F.2d 1213, 1215–16 (9th Cir.1974); *Santoni v. FDIC*, 508 F.Supp. 1012 (D.P.R.1981), *aff'd*, 677 F.2d 174 (1st Cir.1982); *Magellsen v. FDIC*, 341 F.Supp. 1031, 1033 (D.Mont.1972); *James v. FDIC*, 231 F.Supp. 475, 477 (W.D.La. 1964).

Moreover, pursuant to the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain a suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waivers of this immunity must be unequivocally expressed and are to be strictly construed. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). If no consent exists, a district court lacks jurisdiction to entertain a suit.

Plaintiff claims that the FDIC pressured Girod Trust Company into obtaining more liquidity. To achieve that result, the FDIC allegedly forced Girod Trust Company to exercise the control it had over Girod, Vela & Company, Inc. for the latter to sell the 160,000 shares of Banco de Ponce which Girod, Vela & Company had in its portfolio. Plaintiff argues that the sale of these shares was to advance and benefit the interests of Girod and the FDIC at the expense of Girod, Vela & Company, Inc. and constituted a breach of duty and a culpable act.

■ Pursuant to Sections 2680(a) and 2680(h) of the Federal Tort Claims Act, Title 28 U.S.C. claims against the United States based upon the exercise, performance, or even abuse of discretion, and claims based upon misrepresentation or deceit are expressly barred. *Santoni, supra*, 508 F.Supp. 1012 (D.P.R.1981). Plaintiffs here concede that if their action were to sound in tort it would be barred, but instead they typify their action as contractual in nature. The difficulty with this argument is that the evidence in this case denies the existence of a contract or any commitment between plaintiff and the FDIC. Thus, since we construe plaintiff's claim against the FDIC as sounding in tort, the same is barred under the provisions of Sections 2680(a) and 2680(h) of Title 28 U.S.C.

■ Moreover, plaintiff's claim is also barred due to his failure to exhaust administrative remedies. It appears that plaintiff did not file an administrative claim with the FDIC regarding the alleged facts subject of this action.

Title 28 U.S.C. § 2675(a) establishes as a prerequisite to maintaining a suit against the United States under 28 U.S.C. § 1346(b) (Federal Tort Claims Act) that a plaintiff present notice of his or her claim to the appropriate federal agency. *Adams v. United States*, 615 F.2d 284 (5th Cir.1980). Section 2675 is more than a mere statement of procedural niceties and requires that jurisdiction exist at the time of the filing of the complaint. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir.1981). Therefore, the claims against the FDIC in its corporate capacity (first cause of action) must be dismissed.

■ Although defendant has not addressed the issue of subject matter jurisdiction when the FDIC acts in its capacity as receiver of a state bank, we will entertain this question since "lack of [subject matter] jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

Under 12 U.S.C. § 1821(e) (1976) and 12 U.S.C.A. § 1823(c)(2)(A) (West Supp.1983), the FDIC is authorized to act in dual legal capacities simultaneously: as receiver of an insolvent bank and in its corporate capacity as an insurer of bank depositors. *In re F & T Contractors, Inc.*, 718 F.2d 171, 176 (6th Cir.1983); *Gilman v. Federal Deposit Ins. Corp.*, 660 F.2d 688, 694 n. 11

(6th Cir.1981); *Federal Deposit Ins. Corp. v. Ashley*, 585 F.2d 157, 160 (6th Cir.1978).

The Federal Deposit Insurance Act, 12 U.S.C. § 1819 Fourth provides that "All suits of a civil nature at common law or in equity to which the [Federal Deposit Insurance] Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, ..." However, there is an exception contained in that same Section for cases in which the FDIC is acting in its capacity as receiver of a state bank which reads:

> ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors ... and such state bank under State law shall not be deemed to arise under the laws of the United States.

■ Based on this statute, it has been consistently held that federal courts do not have jurisdiction in suits brought by or against the FDIC acting in its capacity as receiver of a state bank, and which involve only the rights or obligations of the state bank, its depositors, etc., under state law. *In re F & T Contractors, supra,* 718 F.2d at 177; *Federal Deposit Ins. Corp. v. Sumner Financial Corp.,* 602 F.2d 670, 679–80 (5th Cir.1979); *see also, Federal Deposit Ins. Corp. v. De Jesús-Vélez,* 678 F.2d 371, 374 (1st Cir.1982); *Federal Deposit Ins. Corp. v. Ashley, supra,* 585 F.2d at 159, 163–64. Under the jurisdictional statute previously quoted a suit like this one, between a creditor and the F.D.I.C. as receiver, "shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819 (Fourth); *Federal Deposit Insurance Corp. v. La Rambla Shopping Center, Inc.,* 791 F.2d 215 (1st Cir.1986).

In *Sumner Financial Corp., supra,* 602 F.2d at 677, the Court of Appeals for the Fifth Circuit held that Section 1819 should be "read as setting out a complete scheme for federal jurisdiction over cases in which FDIC is a party", and that the limitation on federal jurisdiction when the FDIC is acting as the receiver of a state bank "cannot be evaded by predicating jurisdiction on some general jurisdictional grant."

Similarly, in *Freeling v. Sebring,* 296 F.2d 244, 245 (10th Cir.1961) the court noted:

> Congress thus has authorized the F.D.I.C. to act simultaneously in the dual capacity of a federal insurer and as a state receiver and has discerningly provided for federal jurisdiction of claims against it as a federal insurer, while denying federal jurisdiction over claims arising out of its activities as a state agent.

Based on the foregoing analysis, we must therefore conclude that there is no subject matter jurisdiction over this cause of action. Accordingly, this action must be remanded to the state court.

Wherefore, it is ordered that the present action be and it is hereby dismissed as to the FDIC in its corporate capacity. The causes of action against defendants FDIC as receiver, Girod Trust Company and Girod Vela & Co., Inc. are hereby remanded to the Superior Court of Puerto Rico, San Juan Part.

The clerk shall enter judgment in accordance with the above.

SO ORDERED.