**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**CONTINENTAL ILLINOIS CORPORATION, et al., Defendants.**

**HARBOR INSURANCE COMPANY, et al., Plaintiffs,**

v.

**CONTINENTAL ILLINOIS CORPORATION, et al., Defendants.**

Nos. 85 C 7080, 85 C 7081.

United States District Court, N.D. Illinois, E.D.

July 24, 1986.

James Hiering, Dennis Waldon, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

Ronald DeHaan, DeHaan & Richter, P.C., Chicago, Ill., Sidney Dunagan, Gable & Gotwals, Tulsa, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Harbor Insurance Company ("Harbor"), Allstate Insurance Company ("Allstate") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") have sued Continental Illinois Corporation ("CIC"), its subsidiary Continental Illinois National Bank and Trust Company of Chicago ("Bank") and a host of other defendants, seeking to avoid liability under the directors' and officers' ("D & O") policies plaintiffs had issued to CIC. Count VIII of each Complaint is brought against Federal Deposit Insurance Corporation ("FDIC") solely in its capacity as Receiver of the Penn Square Bank, N.A. FDIC has moved to dismiss each Count VIII on several grounds.[1]

■■■ This is another of the respects in which Harbor-Allstate and National Union have sought to flout obviously applicable legal principles. There is no ambiguity in 12 U.S.C. § 94 ("Section 94"):

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed Receiver, or against the Federal Deposit Insurance Corporation as Receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located....

Absent waiver by FDIC, Section 94 is both mandatory and exclusive. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 152, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976) (construing the earlier and *more* ambiguous version of Section 94). And as to Penn Square, that district is in Oklahoma, not Illinois.

Nothing daunted, Harbor-Allstate and National Union urge this Court to violate that congressional mandate because they say any transfer to, or refiling in, Oklahoma would be followed by their moving under 28 U.S.C. § 1407 ("Section 1407") before the Judicial Panel on Multidistrict

---

1. This opinion is the sixth to treat with the motions this Court inherited on the recent reas-signment of these actions to its calendar.

Litigation ("MDL Panel") for consolidation with this action here. And, they go on, the MDL Panel "clearly would grant plaintiffs' motion" (Mem. 6). Thus "the realities of judicial economy" (*id.*) call for this Court to avoid any such Chance-to-Evers-to-Chance relay by denying FDIC's motion.

That suggestion is frankly bizarre. It asks this Court to violate not one but two statutes—not only Section 94 (already discussed) but the very Section 1407 to which they refer. That provision vests the decisional power solely in the MDL Panel, *not* in the individual districts where actions are pending or to which actions might be transferred by the Panel.

 This is not simply the judicial version of two wrongs not making a right. This Court simply has no power to act under Section 1407—and even if such power existed, this Court would have no inclination to usurp powers so plainly vested in the MDL Panel.[2] It would be judicial irresponsibility, not an exercise of judicial economy, to do so.

All that remains then, is to decide what action is appropriate. Though Harbor-Allstate-National Union Mem. 6 speaks of being "shipped to Oklahoma to pursue FDIC–Penn Square there," 28 U.S.C. § 1406(a) (emphasis added) gives to "[t]he district court of a district in which is filed a *case* laying venue in the wrong ... district" the alternatives of dismissal or transfer to the proper district. Here the wrong filing applies to just one *count* in each of the two cases, not the cases themselves. Whether or not a splintered transfer would be possible under Section 1406(a) (a doubtful proposition at best), this Court views dismissal of the flawed counts as preferable.

Accordingly Count VIII of each Complaint is dismissed for improper venue.

---

**2.** Not one of the cases cited by Harbor, Allstate and National Union is that of a district court in the same position as this Court. All are MDL Panel cases, except for one Court of Appeals' decision on an unsuccessful mandamus petition in which the MDL Panel was the target.

**3.** Again judicial responsibility calls for substantive issues to be dealt with by a court properly

That moots the other issues posed by FDIC's motion.[3]

having the case before it. Indeed, if new suits are filed in Oklahoma followed by a petition to the MDL, the MDL Panel may well decide the Oklahoma district court ought to resolve those potentially dispositive issues in FDIC's present motion, rather than considering transfer to this district in the first instance.