692 F.Supp. 866 (1988)
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,
v.
HARTFORD INSURANCE COMPANY OF ILLINOIS, Insurance Company of North America, the American Insurance Company, the Aetna Casualty and Surety Company, and Reliance Insurance Company, Defendants.
The AMERICAN INSURANCE COMPANY, Third-Party Plaintiff,
v.
UNITED STATES of America, Third-Party Defendant.
No. 87 C 8682.
United States District Court, N.D. Illinois, E.D.
July 27, 1988.
Fern C. Bomchill, Robert J. Kriss, Herbert L. Zarov, Rosanne J. Faraci, Benjamin D. Gibson, Susan Tone Pierce, Mayer, Brown & Platt, Christopher T. Van Wagner, for plaintiff.
*867 Michael J. Merlo, Richard S. Wisner, Craig A. Chapello, Priscilla Rellas Scoco, Michael J. Weber, Charles F. Redden, Pretzel & Stouffer, Chtd., Douglas M. Reimer, Janet M. Koran, Nancy Mackevich, McDermott, Will & Emery, Donald Clark, Jr., Chicago, Ill., for defendants.
Dina L. Biblin, Trial Atty., and Jeffrey Axelrod, Director, Torts Branch, U.S. Dept. of Justice; Washington, D.C., Frederick Branding, and Eileen M. Marutzky, Asst. U.S. Attys., Chicago, Ill., for third party defendant.

ORDER
NORGLE, District Judge.
The United States of America has moved to dismiss American Insurance Company's ("American") third-party complaint. The United States argues the third-party complaint is not subject to the court's jurisdiction and it fails to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(1), 12(b)(6). For the following reasons, the motion is denied.

FACTS
On August 23, 1984, Continental illinois National Bank and Trust Company of Chicago ("Continental") assigned to the Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity, the claims arising from its fidelity bond coverage with defendant insurance companies. The FDIC, in its corporate capacity, brings this action seeking recovery in Count I against the insurance companies for failure to settle Continental's claims arising under the bonds for losses sustained due to the dishonest and/or fraudulent acts of Continental employee(s). In Count II, the FDIC alleges American provided financial assistance to the indicted Continental employee whose acts form the basis of the FDIC's claim for bond coverage.
American filed this third-party complaint against the United States alleging jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. American alleges that on July 5, 1982, the FDIC was appointed receiver of the Penn Square Bank, a national bank, whose assets and liabilities included loans under which Continental was the participating bank and which now constitute the losses claimed against American in the underlying complaint. American alleges that the Receiver-FDIC tortiously mismanaged the assets and liabilities of Penn Square. Those assets and liabilities remained with the Receiver-FDIC until July 28, 1983 when they were transferred to Continental.
American asserts this third-party claim against the United States, alleging the Receiver-FDIC was acting as an agency of the United States. The third-party claim sounds in recoupment against the United States for that portion of American's liability in damages attributable to the Receiver-FDIC's contributory fault.

DISCUSSION
The issue before the court is whether American has sued the proper party in its third-party complaint. It is well-established that the United States is immune from money damages suits except where it has statutorily consented to be sued. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Ogden v. United States, 758 F.2d 1168, 1177 (7th Cir.1985); Clark v. United States, 691 F.2d 837, 839-40 (7th Cir.1982). Any consent to be sued or waiver of immunity will not be implied but must be unequivocally expressed and strictly construed. Lehman v. Nakshian, 453 U.S. 156, 161, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); Ogden, 758 F.2d at 1177. Such consent cannot be inferred from an ambiguous statute, and any ambiguity must be resolved against consent. See United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); Garcia v. United States, 776 F.2d 116, 118 (5th Cir.1985).
A person who sues the United States has the burden of pointing to a congressional act which gives the consent to be sued. Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981). American has designated the FTCA as the act which allows the United States to be sued in this case. The court *868 must determine whether the FTCA permits suits against the United States when the FDIC's actions as a receiver for a failed bank form the basis for the action.
Under the FTCA, if a plaintiff brings a tort claim against a federal agency, he must sue the United States. 28 U.S.C. § 2679(a). The issue here is whether the FDIC, acting as a receiver, is an agency for purposes of the FTCA. The FTCA provides:
As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States....
28 U.S.C. § 2671. In this case, the FDIC must have been acting primarily as an agency of the United States government in order for American to be able to sue the United States under the FTCA for the FDIC's acts.
The FDIC is authorized by statute to act in two separate and distinct capacities: as a corporate entity and as a receiver. See 12 U.S.C. § 1811, 1821(c), 1822, 1823(e). The courts have consistently recognized this dual capacity, treating the FDIC acting within these two roles as two distinct entities. See e.g. FDIC v. Roldan Fonseca, 795 F.2d 1102, 1109 (1st Cir.1986); FDIC v. LaRambla Shopping Center, 791 F.2d 215, 218-19 (1st Cir.1986); FDIC v. Hatmaker, 756 F.2d 34, 36 n. 2 (6th Cir.1985); In re F & T Contractors, Inc., 718 F.2d 171, 176 (6th Cir.1983); Gunter v. Hutcheson, 674 F.2d 862, 873-74 (11th Cir.), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); Gilman v. FDIC, 660 F.2d 688 (6th Cir.1981); FDIC v. Godshall, 558 F.2d 220 (4th Cir.1977); Freeling v. Sebring, 296 F.2d 244 (10th Cir.1961). American, recognizing the separateness of the two entities, rather than filing a counterclaim against the plaintiff Corporate-FDIC, has instead filed a third-party complaint against the Receiver-FDIC, in the name of the United States. Having found the Receiver-FDIC to be a distinct entity, the court must focus on whether the FDIC acting in that capacity is an agency of the United States.
In FDIC v. C.H. Butcher, 660 F.Supp. 1274 (E.D.Tenn.1987), the court discussed the two statutorily mandated functions as they relate to the overall purpose of the FDIC:
The purpose of the FDIC is to promote stability and confidence in the nation's banking systems. Gunter v. Hutcheson, 674 F.2d 862 (11th Cir.), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63, reh denied, 459 U.S. 1059, 103 S.Ct. 477, 74 L.Ed.2d 624 (1982); First State Bank of Hudson County v. United States, 599 F.2d 558 (3d Cir.1979). This purpose is achieved in two ways, first by providing insurance for payment to depositers of banks (sic) in case of failure and second by providing a method of handling failed banks. In the first instance, the FDIC in its corporate capacity acts as insurer of the deposits of the bank. In the second instance, the FDIC acts in a separate capacity as receiver of the insolvent bank.
660 F.Supp. at 1279. Statutorily, however, the primary function of the FDIC is to promote banking stability by insuring deposits of banks. 12 U.S.C. § 1811; First State Bank of Hudson County v. United States, 599 F.2d 558, 562 (3d Cir.1979), cert. denied, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980). Nonetheless, the relevant inquiry under the FTCA is not what the primary function of the FDIC is, but whether it was acting primarily as an agency of the United States.
The court has found no case which has directly held that the Receiver-FDIC is an agency of the United States, and thus the United States may be sued for the tortious acts of the FDIC acting in that capacity. Caselaw exists in other jurisdictions, however, with language which implicitly supports the United States' argument that the Receiver-FDIC is not an agency of the United States.
In FDIC v. Smith, 466 F.Supp. 843 (N.D. Ga.1979), the district court addressed the distinction between the dual roles of the FDIC:

*869 As a receiver of the insolvent bank, the FDIC becomes a representative of that bank and is required to marshall the assets of that bank for its shareholders and creditors. In its corporate capacity, the FDIC functions separately as a federal insurer of bank deposits, each capacity designed to secure a different purpose and each is governed by an express statute.
Id. at 845 (emphasis added), quoting, FDIC v. Abraham, 439 F.Supp. 1150, 1151 (E.D. La.1977). Utilizing these principles, the court dismissed counterclaims against the Corporate-FDIC for claims which should have been asserted against the FDIC acting as a receiver.
In Sarraga v. Girod Vela & Co., 649 F.Supp. 11 (D.P.R.1986), the court dismissed a claim against the FDIC acting in its corporate capacity as barred by the FTCA and remanded to state court a claim against the Receiver-FDIC. Concerning the latter claim, the court noted that 12 U.S.C. § 1819 Fourth recognizes an exception to federal jurisdiction in cases where the FDIC is a party. It provides that when the FDIC is acting as a receiver for a failed state bank, an action involving "only the rights or obligations of depositors, creditors ...", those state law claims are not subject to federal question jurisdiction in the federal courts. 12 U.S.C. § 1819 Fourth. The present case involves the FDIC acting as the receiver of Penn Square Bank, a national bank. While the provisions of 12 U.S.C. § 1819 Fourth do not apply and the holding of Sarraga does not directly pertain to the present facts, the Sarraga court failed to imply a remedy under the FTCA against the Receiver-FDIC, but remanded the state claim against the receiver to state court and found the claim against the Corporate-FDIC was barred by the FTCA's provisions.
In FDIC v. Glickman, 450 F.2d 416 (9th Cir.1971), the Ninth Circuit held that the United States and the FDIC acting as a receiver of an insolvent national bank were not the same "person" under a California statute involving an exception to the hearsay rule. The court noted:
At this point, however, a distinction must be drawn between FDIC's dual capacity as federal insurer of deposits and as liquidating agent for the bank ... In the latter instance FDIC stands in the shoes of the insolvent bank.... The Government, not the insolvent bank, proffered the excluded testimony in the former criminal action. The distinction is further heightened by the fact that FDIC, in its capacity as receiver of a bank, is not represented by the United States Attorney, as would be the Government if it were a party. Under the circumstances of this case we hold that the United States Government and the FDIC are not the same person for purposes of making applicable the hearsay exception.
Id. at 418 (emphasis added). While Glickman did not concern an action under the FTCA, its language clearly implies that the FDIC acting as a receiver should not be considered an agency of the United States government.
Finally, in Sharp v. FDIC, No. 75-1428, slip op. (D.C.Cir.1976), in an unpublished opinion the District of Columbia Circuit held that Sharp could not obtain documents from the FDIC pursuant to the Freedom of Information Act. The court indicated that the FDIC acting under state law as a receiver of a state bank was not holding the documents as a federal agency within the meaning of the Freedom of Information Act. Slip op. at 3. Again, the Sharp decision is not factually on point, but has language indicating that the FDIC as a receiver is not a federal agency.
While these cases lend support to the United States' argument that the Receiver-FDIC is not an agency of the United States government, the court must address the relevant caselaw existing in this circuit. The Seventh Circuit's leading case relevant to the matters before the court is FDIC v. Citizens Bank & Trust Co., 592 F.2d 364 (7th Cir.), cert. denied, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979). In Citizens, the FDIC in its corporate capacity brought suit against an insolvent state bank, Citizens Bank & Trust Company of Park Ridge, Illinois ("Citizens"), to collect money *870 owed to the bank. Citizens asserted a setoff and counterclaim against the FDIC acting as the receiver for the bank. The basis for that claim was the Receiver-FDIC's transfer to the Corporate-FDIC of the proceeds of another bank's loan in which Citizens participated. The Seventh Circuit held that a claim against the FDIC sounding in tort (which was the case there) must be brought under the FTCA. Id. at 371. The court noted that the "FDIC is unquestionably a `federal agency' within the meaning of § 2679(a) [of the FTCA]." Id. at 369 n. 5. However, under the specific provisions of the FTCA, the FDIC was immune under the facts of that case. Id. at 373. While the Citizens court never addressed the distinction between the two roles of the FDIC in regard to suability under the FTCA, the counterclaim was against the FDIC acting as a receiver. Thus, Citizens implicitly stands for the proposition that any suit against the FDIC, regardless of the capacity under which the FDIC was acting, must be brought under the FTCA because the FDIC is an agency of the United States government. See also Safeway Portland Employees' Federal Credit Union v. FDIC, 506 F.2d 1213, 1215 (9th Cir.1974) ("[t]he FDIC is clearly a federal agency and within the coverage of the FTCA"); FDIC v. TWT Exploration Co., 626 F.Supp. 149, 151 (W.D.Okla.1985) (in dicta the court noted that a suit sounding in tort against the FDIC acting as a receiver, must be brought, if at all, "directly against the United States in conformity with the requirements of the FTCA").
In sum, the court has not found any case explicitly holding that the FDIC when acting as a receiver is primarily acting as an agency of the United States, and thus any suit against the Receiver-FDIC must come under the FTCA. Conflicting authority exists as to whether the Receiver-FDIC is an agency for purposes of the FTCA. However, the Citizens decision lends strong support that it is. Moreover, the court notes that although two distinct FDIC entities were statutorily created by Congress, Congress never provided that the FDIC acting as a receiver would somehow fall outside the purview of the FTCA (would not be acting "primarily as an agency ...") when the FDIC was fulfilling one of its statutorily mandated duties. Further, the FDIC, an agency of the United States created by Congress, when acting as a receiver has rights superior to those of other receivers. See 12 U.S.C. §§ 1821(d), 1822, 1823(e). Thus, the FDIC does more than "stand in the shoes" of the failed bank. For all these reasons, the court holds that American has properly sued the United States under the FTCA for the tortious acts of one of its agencies, the FDIC, acting as the receiver of Penn Square Bank.
The United States also argues in its reply brief that proper venue for the third-party complaint is in Oklahoma, the location of the Penn Square Bank. Although American has refused in its surreply and during oral argument to respond to this additional ground for dismissal, Federal Rule of Civil Procedure 12(b)(3), the court will address its merits.
The relevant venue statute for actions against the FDIC acting as receiver of a national banking association provides:
Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed Receiver, or against the Federal Deposit Insurance Corporation as Receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principle place of business is located....
12 U.S.C. § 94. The courts have strictly construed this provision, finding it both mandatory and exclusive. Radzanower v. Touche Ross & Co., 426 U.S. 148, 152, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976); Nat'l Union Fire Ins. Co. of Pittsburgh v. Continental Illinois Corp., 640 F.Supp. 182, 183 (N.D.Ill.1986). In Radzanower, a national banking association was sued in federal court for allegedly violating the Securities Exchange Act of 1934. A conflict existed between the venue provision under the Securities Exchange Act and the narrower venue provision of the National Bank Act, 12 U.S.C. § 94 (the predecessor of the present statute which the court in *871 Nat'l Union found to be more ambiguous than the present provision). The Supreme Court rejected the argument that when a suit is brought under the Securities Exchange Act it loses the protection of § 94. The Court noted that the more general Securities Exchange venue provision was enacted after the narrow provisions of the National Bank Act. The Court also examined the legislative history of the Securities Exchange Act and the purposes served by each respective venue provision and concluded that the narrowly drawn § 94 controlled over the more general Securities Exchange venue provision. Radzanower, 426 U.S. at 158, 96 S.Ct. at 1995.
The court finds the principles of Radzanower regarding statutory construction apply here. When the United States is a defendant to a suit in tort under § 1346 of the FTCA, venue is proper where the plaintiff resides or where the act or omission complained of occurred. 28 U.S.C. § 1402(b). The narrow venue provision under § 94 controls over the more general FTCA provision. Addressing the specific facts of this case, even though the United States is the named entity sued, the action is against the FDIC for its acts as a receiver for a failed national banking association, the Penn Square Bank. Penn Square Bank had its principal place of business in Oklahoma City, Oklahoma. Thus, venue is proper for the third-party complaint in that forum.
Authority exists, however, which supports the conclusion that if a court has jurisdiction and venue over the original complaint, and the third-party complaint is subject to dismissal or transfer under § 94, the court will not allow the third-party complaint to be dismissed or transferred. See Petrizzo v. United States, 492 F.Supp. 752 (D.N.J.1980); Jones v. Kreminski, 404 F.Supp. 667 (D.Conn.1975), appeal dismissed, 603 F.2d 213 (2d Cir.1979), remanded, 614 F.2d 1287 (2d Cir.1979); Odette v. Shearson, Hammill & Co., 394 F.Supp. 946 (S.D.N.Y.1975); Flagship Nat'l Bank of Miami v. Commercial Bank & Trust Co., 428 So.2d 361, 362 (Fla.Dist.Ct.App.1983); 3 J. Moore, Moore's Federal Practice ¶ 14.28[2] (2d ed. 1987); contra Swiss Israel Trade Bank v. Mobley, 319 F.Supp. 374 (S.D.Ga.1970); Lazarow Rettig & Sundel v. Castle Capital Corp., 49 N.Y.2d 508, 427 N.Y.S.2d 404, 404 N.E.2d 130 (1980). Here, the third-party claim is directly related to the underlying claim and much of the discovery would be duplicative if the third-party complaint were litigated in a separate forum. Moreover, separate litigation would cause serious inconvenience to American; it would be forced to maintain legal counsel and litigate in two locations. Finally, judicial resources would be conserved by the centralization of this apparently complex litigation.
In conclusion, the United States' motion to dismiss the third-party complaint for lack of jurisdiction and for failure to state a claim is denied. Similarly, the United States' motion to dismiss or transfer the third-party complaint for lack of proper venue is denied. The court finds that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).
IT IS SO ORDERED.