IT IS FURTHER ORDERED that defendants' motion to strike jury demand shall be and it is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for class certification shall be and it is denied as moot.

William A. HARTONG and Linda Hartong, Plaintiffs,

v.

BLUE VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants.

No. 89–1058–CV–W–3.

United States District Court, W.D. Missouri, W.D.

July 9, 1990.

Robert E. Gould, Gould & Thompson, Donald E. Bucher, Moore & Bucher, P.C., Kansas City, Mo., for plaintiffs.

James C. Wirken, Troy L. Daugherty, Wirken & King, Kansas City, Mo., Anthony Joseph Romano, David A. Welte, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for intervenors-plaintiffs.

Brian B. Myers, Jerome D. Riffel, William C. Odle, Lathrop & Norquist, Thaddeus G. Fenton, RTC Legal Div., Edward H. Funston, U.S. Attorney's Office, Kansas City, Mo., Michael Truscott, U.S. Dept. of Justice, Torts Branch, Civ. Div., Edward J. O'Meara, Office of Thrift Supervision, Office of the Chief Counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

Pending before the Court are the following motions: 1) a motion to dismiss plaintiffs' complaint filed by defendants Federal Deposit Insurance Corporation ("FDIC") and Blue Valley Federal Savings and Loan Association (the "Association");[1] 2) a motion to intervene pursuant to Rule 24, Fed. R.Civ.P., filed by Dr. Peter C. Boylan and Carroll J. Boylan; 3) a motion to join as party plaintiffs pursuant to Rule 20(a), Fed.R.Civ.P., filed by Mary Bishop and Harle Bishop; and 4) a motion to join as party plaintiffs pursuant to Rule 20(a) filed by Sally Burke and Jackson Burke, Jr.

On October 2, 1989, plaintiffs filed their Petition for Damages (the "Complaint") in the Circuit Court of Jackson County, Missouri, seeking damages against defendants for breach of contract, breach of duty of good faith and fair dealing, and prima facia tort. The case was removed to this Court on November 9, 1989. Plaintiffs make the following allegations.

Plaintiff William Hartong is a general partner in General's Plaza Partnership (the "Partnership"), a Missouri general partnership. Other members of the Partnership include Mary Bishop, Carroll Boylan, Jack Burke, Jr., and the Estate of Jack Burke, Sr. On April 20, 1987, the Partnership executed a promissory note evidencing a real estate loan made by the Association to the Partnership for the purpose of funding the development of a shopping center on partnership property in Independence, Missouri. The loan was secured by a Deed of Trust and Security Agreement covering General's Plaza Shopping Center. In order to further secure the promissory note, the Association required all partners and spouses of married partners to execute personal guarantees.

Plaintiffs allege that on April 3, 1989, they entered into a written contract with the Association under which the Association agreed to release the Partnership, the partners and the guarantors from all liability under the note in exchange for a deed in lieu of foreclosure and payment of the sum of $264,733.00. This contract is allegedly

---

**1.** Plaintiffs moved to dismiss their Complaint against the Association because the Association is in conservatorship with the Resolution Trust Corporation ("RTC") as Conservator. Thus, the RTC, as Conservator for the Association, and not the Association, is the proper party defendant. In an Order dated February 5, 1990, the Association was dismissed as a party defendant, and plaintiffs' Complaint was amended to join the RTC as a party defendant.

evidenced by two letters. Curtis Beerman, Senior Vice President for the Association, spelled out the terms of the alleged agreement in a letter dated March 24, 1989. This letter states in pertinent part:

.... Blue Valley is now in a position to accept a deed in lieu of foreclosure on the referenced property under the following conditions:

1. The borrowing partnership will pay Blue Valley Federal $250,000 and Blue Valley will release the partners from personal liability.

2. The partnership operating account of approximately $15,000 will be given to Blue Valley.

3. Reimbursement from DOT Drugs for its pro rata share of real estate taxes will be the partnership's responsibility and funds received will be given to Blue Valley....

In a letter dated April 3, 1989, the partners accepted the proposal outlined by Curtis Beerman. Plaintiffs charge that the Association now refuses to comply with the alleged agreement and seek to recover monetary damages from defendants.

Defendants have moved to dismiss plaintiffs' Complaint, arguing that plaintiffs lack legal capacity to bring this action because they have failed to join all of the general partners of the Partnership as parties-plaintiffs. Defendants have moved to dismiss plaintiffs' Complaint against defendant FDIC, contending it is not a proper defendant. Finally, defendants maintain that Count III of plaintiffs' Complaint should be dismissed because plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act.

## I. Defendants' Motion to Dismiss
### A. Legal Capacity

■ Defendants have moved for the dismissal of plaintiffs' Complaint in its entirety, arguing that plaintiffs lack legal capacity to bring this action because they have failed to join as plaintiffs all of the general partners of the Partnership. Generally, all partners are necessary parties-plaintiff in actions to enforce an obligation due the partnership, and a partner may not sue in his own name on a cause of action accruing to the partnership. *Wittels v. Dubinsky*, 343 S.W.2d 644, 645 (Mo.App.1961). Defendants contend that this action is a partnership cause of action, and plaintiffs' Complaint must be dismissed unless all the partners are joined as parties.

■ Plaintiffs counter that this is not an action to enforce an obligation due the Partnership. Instead, plaintiffs characterize this action as one to enforce a personal obligation owed to the individual guarantors. Plaintiffs maintain that the guaranty relationship between them and the Association was a contractual relationship separate and distinct from the Partnership's relationship with the Association. According to plaintiffs, this suit arises solely out of the alleged agreement between the Association and the guarantors regarding their personal liability under the guaranty.

This debate, while interesting, is academic. The arguments raised by the parties are relevant only with regard to the question whether plaintiff William Hartong, a general partner of the Partnership, has the legal capacity to maintain this cause of action. The parties have ignored the fact that plaintiff Linda Hartong clearly has legal standing to maintain this action.

Linda Hartong was not a partner in the Partnership. Her interest arises solely from the personal guarantee which she executed to secure the promissory note. Her action cannot be construed as a partnership cause of action. The requirements of partnership law cannot preclude a nonpartner from pursuing an action on her contract of guaranty even though that guaranty secured a loan made to a partnership. Therefore, defendants' motion to dismiss plaintiffs' Complaint on this ground is denied.

### B. Federal Deposit Insurance Corporation

Plaintiffs refer in their Complaint to the FDIC as the receiver of the Association. In their motion to dismiss, defendants assert that the FDIC is not in fact the "receiver" of the Association. The FDIC is simply the managing agent for the RTC,

1020

the Association's Conservator.[2] Defendants have moved that plaintiffs' Complaint against the FDIC be dismissed because the RTC, and not the FDIC, is the proper party defendant in this action. Plaintiffs accordingly dismissed their Complaint against the Association and amended the Complaint to join the RTC as a defendant.

■ In their suggestions in opposition to defendants' motion to dismiss, however, plaintiffs assert that despite the joinder of the RTC as a party defendant, the FDIC is still a proper party defendant. Plaintiffs have clarified their claim against the FDIC, stating that they maintain the FDIC is liable for breach of the alleged contract entered into between the Association and the guarantors. Plaintiffs apparently contend this liability arises either because the FDIC knew of and authorized the alleged contract between the Association and the guarantors, or because an agency relationship existed between the Association and the FDIC wherein the FDIC acted as an agent of the Association. In light of these clarifications, defendants filed reply suggestions asserting that plaintiffs' Complaint fails to state a claim against the FDIC upon which relief can be granted.

Upon the arguments presented and the current record, the Court declines to find that plaintiffs can prove no set of facts in support of their breach of contract claim against the FDIC which would entitle them

to relief. *See Loge v. United States*, 662 F.2d 1268, 1270 (8th Cir.1981), *cert. denied*, 456 U.S. 944, 102 S.Ct. 2009, 72 L.Ed.2d 466 (1982).[3] Accordingly, defendants' motion to dismiss plaintiffs' Complaint against the FDIC is denied.

### C. Federal Tort Claims Act

Count III of the Complaint raises a claim against defendants FDIC and RTC in tort. Defendants argue the Court lacks subject matter jurisdiction over a tort claim against the FDIC because plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA") prior to commencing this action.[4]

Plaintiffs concede they did not file an administrative claim with the FDIC regarding the alleged facts underlying this action. It is plaintiffs' position that administrative exhaustion pursuant to the FTCA is necessary only if the FDIC is acting in its *corporate capacity*.[5] Plaintiffs maintain that in the instant case the FDIC is acting in its *receivership capacity* and therefore no exhaustion is required. In other words, plaintiffs contend that the FDIC is not a federal agency for the purposes of the FTCA when it is acting in a receivership capacity.

Defendants reply that the FDIC is not acting as the "receiver" of the Association. According to defendants, the FDIC, as the managing agent of the RTC, is acting only

2. At the time of the formation of the alleged contract, the FSLIC was the Conservator for the Association, with the FDIC acting as managing agent for the FSLIC. With the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. 101–73, 103 Stat. 183 (August 9, 1989), the RTC became the successor in interest to the FSLIC as Conservator of the Association.

3. The parties have not addressed the implications of 12 U.S.C. § 1823(e) (West Supp.1987) with regard to the claim against the FDIC for breach of contract.

4. 28 U.S.C. § 2675(a) provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of

the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

5. The FDIC is authorized by statute to act in two separate and distinct capacities: as receiver of an insolvent bank and in its corporate capacity as an insurer of bank depositors. 12 U.S.C. § 1821(e) (1976) and 12 U.S.C. § 1823(c)(2)(A) (West Supp.1983). The courts have consistently recognized this dual capacity, treating the FDIC acting within these two roles as two distinct entities. *FDIC v. Hartford Insurance Company of Illinois*, 692 F.Supp. 866, 868 (N.D.Ill.1988), *vacated on other grounds*, 877 F.2d 590 (7th Cir.1989), *cert. denied sub nom. American Insurance Company v. United States*, —— U.S. ——, 110 S.Ct. 865, 107 L.Ed.2d 948 (1990).

in its corporate capacity. Defendants further argue that even if the FDIC is acting in its receivership capacity, it is a federal agency for the purposes of the FTCA.

In support of their position that the FDIC, acting as a receiver, is an agency for purposes of the FTCA, defendants cite *FDIC v. Hartford Insurance Company of Illinois,* 692 F.Supp. 866, 868 (N.D.Ill. 1988), *vacated on other grounds,* 877 F.2d 590 (7th Cir.1989), *cert. denied sub nom. American Insurance Company v. United States,* — U.S. —, 110 S.Ct. 865, 107 L.Ed.2d 948 (1990). In *Hartford* the district court discussed several cases implicitly supporting the argument that the Receiver–FDIC is not a federal agency. *Id.* at 868–869. The court then turned for guidance to the Seventh Circuit case of *FDIC v. Citizens Bank & Trust Co.,* 592 F.2d 364 (7th Cir.), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979).

In *Citizens* the Seventh Circuit held broadly that a claim against the FDIC sounding in tort must be brought under the FTCA. *Id.* at 371. The *Hartford* court found the *Citizens* case to implicitly stand for the proposition that any suit against the FDIC, regardless of the capacity under which the FDIC was acting, must be brought under the FTCA because the FDIC as an agency of the United States government. *Hartford,* 692 F.Supp. at 870. The district court held that the FDIC, acting in its capacity as receiver, was a "federal agency" within the meaning of the FTCA. *Id.* In so holding, the court also relied upon the fact that the FTCA does not expressly exclude the FDIC as receiver from its purview. *Id.*

■ At this stage of the proceedings the Court hesitates to address the question whether the FTCA applies to the FDIC acting in its receivership capacity. The question will be moot if the FDIC is in fact acting only in its corporate capacity. We cannot determine on the present record, however, whether the FDIC is actually acting only in its corporate capacity. While

defendants broadly stated that such is the case, they have offered no evidence or legal argument to support their position. This issue is one more appropriately resolved in a motion for summary judgment. Accordingly, defendants motion to dismiss Count III of plaintiffs' Complaint against the FDIC is denied.

■ With regard to any tort claim raised in Count III against the RTC, defendants assert the following:

> If plaintiffs are asserting a tort claim directly against the RTC with the expectation of satisfying any judgment out of the assets of the RTC, the RTC would take the position that the F.T.C.A. applies to such a claim under FIRREA. If, however, as we suspect, plaintiffs are bringing their action against the RTC merely in its capacity as Conservator for Blue Valley, then RTC will stipulate that the F.T.C.A. does not apply.

Letter dated March 22, 1990, from Brian Myers to Judge Hunter. Plaintiffs have not responded to defendants' letter.

This Court construes plaintiffs' Complaint as raising a tort claim against the RTC merely in its capacity as Conservator of the Association. The Complaint cannot be read as alleging a claim directly against the RTC based upon tortious acts committed by that entity. Accordingly, the FTCA does not apply to the action in tort brought against the RTC by plaintiffs.

## II. Motions to Intervene

■ The Court now turns to the three pending motions to intervene as party plaintiffs pursuant to Rule 24, Fed.R. Civ.P.[6] The movants include the other living partners of the Partnership—Mary Bishop, Carroll Boylan, Jack Burke, Jr.— and their spouses. The motions to intervene were apparently filed in response to defendants' motion to dismiss plaintiffs' Complaint for lack of legal capacity.

Rule 24 distinguishes between two types of intervention—intervention of right and

---

**6.** The Burkes and the Bishops purport to join as party plaintiffs pursuant to Rule 20(a), Fed.R. Civ.P. However, in a situation such as this, where absent parties seek to be allowed into the action on their own application, the applicable Federal Rule of Civil Procedure is Rule 24.

permissive intervention. The movants may intervene of right if they claim "an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 24(a)(2). Permissive intervention may be allowed if the movants' "claim or defense and the main action have a question of law or fact in common." Rule 24(b)(2).

This Court need not decide whether the movants qualify for intervention of right because it finds that permissive intervention is in order. It is clear in this case that the claims raised by the movants have questions of law or fact in common with the main action. Having made that determination, the decision whether to allow permissive intervention is within the Court's discretion.

This Court exercises its discretion in favor of granting the pending motions to intervene. Although the legal position of the movants is very similar to that of the plaintiffs in this case, this Court cannot find that the movants are adequately represented by the present plaintiffs. Intervention will neither prolong or unduly delay this litigation nor will it prejudice the rights of the original parties. Accordingly, the motions to intervene as party plaintiffs are granted.

### III. Consolidation

The parties and issues of this case and Case No. 90–0124–CV–W–6–3 are almost identical. Common questions of law and fact abound. To promote judicial economy, these two cases will be consolidated for discovery, pretrial proceedings and trial. *See* Rule 42(a), Fed.R.Civ.P.

### IV. Conclusion

It is hereby

ORDERED (1) that defendants' motion to dismiss plaintiffs' Complaint is denied;

ORDERED (2) that the motions to intervene as party plaintiffs filed by Dr. Peter C. Boylan and Carroll J. Boylan, Sally S. Burke and Jackson L. Burke, and Mary Bishop and Harle J. Bishop, respectively, are granted;

ORDERED (3) that the intervenor/plaintiffs shall file their respective complaints within twenty days from the date of this Order;

ORDERED (4) that this action is consolidated with Case No. 90–0124–CV–W–3–6 for the purposes of discovery, pretrial proceedings and trial;

ORDERED (5) that the parties shall file a new joint proposed scheduling order for these consolidated actions within twenty days from the date of this Order;

IT IS SO ORDERED.