FEDERAL DEPOSIT INSURANCE
CORPORATION, etc.

v.

Wilson P. ABRAHAM, Felix L. Aucoin,
Henry E. Braden, III, Otto B. Candies,
Clifton S. Carl, Clarence C. Clifton, Jr.,
Joseph W. Dirosa, Alonzo G. Ensenat,
Murray C. Fincher, Frank J. Friedler,
Sr., Jack W. Grissom, Jr., Remus A. He-
bert, E. Stewart Maunsell, II, A. Brown
Moore, Sam P. Paciera, Eads Poitevent,
Jr., Clarence Scheps, John R. Sitton, Jr.,
T. G. Solomon, Sr., Edward F. Wegmann
and H. D. West.

Civ. A. No. 77–2248.

United States District Court,
E. D. Louisiana.

Oct. 21, 1977.

As Amended Nov. 4, 1977.

Hollis C. Thompson, Jr. and W. Joel Blass, Gulfport, Miss., for plaintiff.

Henry O'Connor, Jr., Moise S. Steeg, Jr., Harry McCall, Jr., Louie J. Roussel, III, Richard B. Montgomery, Jr., Robert Redfearn, Benjamin Slater, New Orleans, La., for defendants.

## ORDER

CHARLES SCHWARTZ, District Judge.

This matter came on for hearing on motions to dismiss pursuant to Rule 12(b) Federal Rules of Civil Procedure, filed by Alonzo G. Ensenat, Otto B. Candies, and Wilson P. Abraham.

There appears to be no factual dispute insofar as concerns these motions to dismiss for lack of subject matter jurisdiction as hereinafter set out. The International City Bank and Trust Company (ICB) a state chartered bank, was closed by the Louisiana Commission of Financial Institutions on December 3, 1976 pursuant to Louisiana R.S. 6:383, et seq. Thereafter, pursuant to said statute and the Louisiana procedure for ordinary liquidations the ICB was put into involuntary liquidation in proceedings entitled "In the Matter of the Liquidation of International City Bank & Trust Company"

No. 76–18490 of the Docket of the Civil District Court for the Parish of Orleans. Pursuant to R.S. 6:454, the Federal Deposit Insurance Corporation (FDIC) was appointed the receiver of the ICB. As receiver, the FDIC obtained an order, in the State Court liquidation proceeding, authorizing it *inter alia* to sell certain assets to and permit the assumption of the deposits and certain other liabilities by the Bank of New Orleans and Trust Company, and, in order to "facilitate" this sale and assumption, to sell to the FDIC in its corporate capacity certain other assets of the ICB including "rights, claims, demands, choses of action . . ." The complaint herein was filed by the FDIC in its corporate capacity against certain (but not all) of the former directors of the ICB alleging a failure "to exercise reasonable care and due diligence in the management of the affairs" of the ICB during the period July 1, 1973 through December 3, 1976, resulting in losses or anticipated losses of $13,747,000.00.

The FDIC invokes the jurisdiction of this Court pursuant to 12 U.S.C. Section 1819 and 28 U.S.C. Section 1345. The issue before the Court is simply whether the Federal Deposit Insurance Corporation in its corporate capacity may bring suit in Federal Court against the former directors of the ICB on a chose in action purchased by the FDIC in its corporate capacity from the FDIC in its receivership capacity.

 In situations such as the instant one, the FDIC operates in two entirely separate and distinct capacities. As a receiver of the insolvent bank the FDIC becomes a representative of that bank and is required to marshal the assets of that bank for its shareholders and creditors. In its corporate capacity the FDIC functions separately as a federal insurer of bank deposits, each capacity designed to service a different purpose and each is governed by an express statute. Pursuant to 12 U.S.C. Section 1823(d) the FDIC as receiver of a closed state bank is given authority to offer that bank's assets to the FDIC as a corporation as insurer of that state bank: "Receivers or

liquidators of insured banks closed on account of inability to meet the demands of their depositors shall be entitled to offer the assets of such banks for sale to the Corporation . . . upon receiving permission from the appropriate State authority . . . ." Additionally, such purchase of assets may be effected pursuant to 12 U.S.C Section 1823(e), as was the case here. Such dual capacity has been approved in *FDIC v. Godshall*, 558 F.2d 220 (4th Cir. 1977); *FDIC v. Glickman*, 450 F.2d 416 (9th Cir. 1971); *Freeling v. Sebring*, 296 F.2d 244 (10th Cir. 1961). There apparently being no claim that the assignment to the FDIC in its corporate capacity was without consideration or a sham, it was a permissible and appropriate course of action under the circumstances. Moreover, the Civil District Court for the Parish of Orleans in the aforesaid entitled state proceedings, pursuant to an order dated December 5, 1976, authorized the FDIC as receiver of ICB to sell and transfer assets to the FDIC in its corporate capacity.[1] Therefore, since the FDIC had the right to purchase an asset which amounted to a chose in action, it likewise has the right to sue upon it and reduce it to judgment, 12 U.S.C. § 1823(d); *Federal Deposit Insurance Corp. v. Rectenwall*, D.C., 97 F.Supp. 273; cf. *F.S.L.I.C. v. Fielding*, 309 F.Supp. 1146 (D.Nev.1969).

 Although movers do not apparently contest the right of the FDIC as receiver to transfer the assets to the FDIC in its corporate capacity, they do not recognize the dual function of the FDIC. Moreover, they specifically invoke those portions of 12 U.S.C. § 1819 which provide that the District Courts of the United States shall not have original jurisdiction over suits brought by the FDIC when the following two criteria exist: (1) The FDIC is a party in its capacity as receiver of a state bank; and (2) the action involves only the rights or obligations of depositors, creditors, stockholders of such bank under state law. In support of their argument defendants rely in large part upon the recent decision of *FDIC v. Ashley*, 408 F.Supp. 591 (E.D.Mich.1976). This Court declines to follow *Ashley* for the reasons and authorities hereinafter cited. Movers are in effect saying that to permit the FDIC as a corporation to proceed with this suit is to give credence to form over substance, as in reality the receiver having obtained possession of all of the assets not sold to the Bank of New Orleans is for all intents and purposes proceeding as a liquidator. In support of this contention they direct the Court's attention to the fact that any funds which are received by the FDIC in its corporate capacity in excess of the amount for which the assignment was sold are to be returned to the receivership. However, this does not demonstrate that the FDIC is proceeding in its capacity as liquidator but rather indicates that it is not. If no excess funds are received then the FDIC as a corporation is merely protecting its assignment and its indebtedness. If on the other hand excess funds are received it will be returned to the state's receivership proceedings to be administered in accordance with state law. The state receivership

---

1. On December 10, 1976, the petition of International City Bank and Trust Company, ICB Corporation, and Robert Beukenkamp, Felix Aucoin, Joseph DiRosa, Louis H. Marrero IV, Daniel McKay, Jack Grissom, R. A. Hebert, Clarence Scheps, Edward F. Wegmann, and H. D. West was filed, praying for permission to appoint a liquidator pursuant to the provisions of LSA–R.S. 6:384, and alternatively for injunctive relief. Specifically, petitioners sought to enjoin the FDIC and the Commission of Financial Institutions for the State of Louisiana from disposing of, alienating or encumbering the assets of International City Bank and Trust Company in the possession or control of either the FDIC or the Commissioner and from proceeding further in liquidating those assets. The

matter was heard on December 17, 1976 and judgment was rendered on December 20, 1976, which *inter alia* sustained an exception of no cause of action and dismissed the complaint. Notice of intention to apply for writs of mandamus, prohibition and certiorari to the Court of Appeal, Fourth Circuit, was filed on December 21, 1976. After full briefing by both sides, the Fourth Circuit on December 27, 1976, refused to grant the application for writs, noting "On the showings made, we find no error in the ruling complained of." Similarly, after application and proper briefing, the Louisiana Supreme Court denied writs on January 4, 1977 and observed: "There is no error of law in the trial court's ruling."

is a viable and ongoing receivership which has not been terminated.[2] Moreover Paragraph 1.4 of the sale to the corporation provides that in lieu of liquidating assets sold to it and paying over excess recoveries to the receiver, the corporation may reconvey unliquidated excess assets to the receiver. Thus, the mere fact that the corporation's activities may in some respects be similar to those of the receiver, does not serve as grounds to deny this Court jurisdiction of those statutorily mandated actions involving the FDIC as a corporation. This Court thus believes that despite *Ashley* it should follow the decisions and reasonings expressed in *FDIC v. Godshall, supra; FDIC v. Louisiana National Bank,* (M.D.La., C.A. No. 77–165); *Harvey A. Braun, et al. v. Federal Deposit Insurance Company, et al.,* 430 F.Supp. 367 (N.D.Ohio, East.); *FDIC v. First Bank of Oak Park,* (N.D.Ill., East.Div., C.A. # 76 C–3925).[3]

**2.** The fact that there are certain rights which can be exercised by the receiver, in addition to actions by the FDIC as a corporation pursuant to its assignment of assets is demonstrated by the persistent (albeit unsuccessful) attempt by certain co-defendants in these proceedings, to be appointed a receiver or co-receiver in the state receivership proceedings.

**3.** *Harvey L. Braun,* like the case *sub judice,* involved a purchase and assumption transaction between FDIC as receiver of an insolvent bank and FDIC in its corporate capacity, whereby FDIC, the corporation, purchased all the "unacceptable" assets (i. e. loans, notes, and choses in action) from the insolvent bank. In the course of its opinion, the Court observed:

> "The difference between the FDIC operating as a receiver and in its corporate capacity is, of course, of key importance to these suits; and the cases make it clear, as one would expect from a natural reading of section 1819 Fourth, that the FDIC as receiver for a state bank cannot invoke federal court jurisdiction in a suit to collect on an asset that belongs to the receiver. *See, e. g., Federal Deposit Insurance Corporation v. National Surety Co.,* 345 F.Supp. 885 (S.D.Iowa 1972).[14]"

In Footnote # 14, the Court pertinently criticized the *Ashley* holding and recognized its fundamental error:

> "Indeed, it has been held by another district court in this circuit, *Federal Deposit Insurance Corporation v. Ashley,* 408 F.Supp. 591 (E.D.Mich.1976), *app.pending,* Case No. 76–2416 (6 Cir.), that even when the FDIC as receiver for a state bank has sold an asset to the Corporation in the same kind of purchase and assumption transaction as is challenged in this case, the Corporation may not properly bring suit to enforce such an obligation in federal court. This court, however, declines to follow *Ashley.* In this court's view the fundamental error in the *Ashley* opinion derives from the view expressed that 'the assignment from the FDIC (as Receiver) to the FDIC [as Corporation] appears to have been made to facilitate the collection of debts and liquidation of assets, traditionally a part of a receiver's role.' 408 F.Supp. at 594–95. Although Judge Kennedy acknowledged that the purchase and assumption transaction in *Ashley* was based upon the explicit power of the FDIC under 12 U.S.C. § 1823(e) to *buy* assets from a closed bank, the FDIC's use of the same procedures and personnel to carry out liquidations, whether it is acting in its receivership or its corporate capacity (see note 5, *supra* ), combined with the Corporation's obligation to return any surplus recovery to the receiver (just as in this case), apparently convinced her that the purpose of a purchase and assumption transaction is to aid the liquidation of a closed bank's assets. But as to the discussion in the text, *infra,* indicates, that is not the purpose of a purchase and assumption transaction. Nor does the fact that any surplus collected by the Corporation would be returned to the Receiver impeach the finality of the transaction or the determinative character of the transfer of a receivership's assets to the Corporation. The FDIC is not in business for the purpose of making money out of the failure of banks, and the power granted by subsection 1823(e) may only be used for the purpose of avoiding loss. If the Corporation obtains a surplus through the liquidation of the assets it purchases (an unlikely event, given the character of those assets), it suffers no loss from the bank failure. In such an event it would hardly be appropriate for the Corporation to keep the surplus funds, rather than return them to the receiver. It is thus not proper to view a purchase and assumption transaction as involving an assignment of assets for purposes of collection. It involves, rather, a full-scale sale, and the Corporation as purchaser may invoke federal jurisdiction under 12 U.S.C. § 1819 Fourth because it is the full owner of the asset purchased (unless, of course, the transaction is impeachable on other grounds, as is claimed to be the case here.)"

*FDIC v. First Bank of Oak Park* was a declaratory judgment action initiated by FDIC in its corporate capacity relative to a certificate of deposit with the defendant which had been previously pledged as security on a loan to a Mr. John S. Gleason, Jr. from First State Bank of Northern California (which subsequently be-

Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1345 which provides as follows:

"Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

Movers argue that 12 U.S.C. § 1819 is a specific FDIC jurisdictional ground which falls within the definition "otherwise provided by Act of Congress." However, the FDIC is an agency of the United States. *FDIC v. Glickman, supra*; cf. *Acron Investments, Inc. v. FSLIC*, 363 F.2d 236 (9th Cir. 1966). 12 U.S.C. § 1813(q) defines the term "appropriate Federal banking agency" to include the Federal Deposit Insurance Corporation. Having determined that the FDIC as a corporation is not suing as a receiver, and is not limited by 12 U.S.C. § 1819, this Court has independent federal

·came insolvent). FDIC in its corporate capacity acquired the certificate from FDIC the receiver of the insolvent bank. The defendant First Bank of Oak Park attempted to satisfy a debt owed it by Gleason ·by cancelling the certificate and setting off the funds it held on deposit against Gleason's debt, thus triggering the FDIC lawsuit.
The Court held:

"Under the statute [12 U.S.C. § 1819] federal courts have jurisdiction over any action involving the FDIC, unless the FDIC is acting in its capacity as Receiver and the suit involves only the rights or obligations of depositors, creditors, or stockholders of a State bank under State law.

Defendant has moved to dismiss this action on the asserted grounds that FDIC is essentially suing in this action as Receiver seeking to collect assets of First State Bank, since whatever rights FDIC, as corporation, has against defendant arise initially out of FDIC's Receiver status. It is defendant's contention that FDIC's sale of First State Bank's assets to itself—an act which defendant characterizes as a means of facilitating the assumption of deposit liabilities by a successor bank—was all part of the liquidation function of the Receiver, and cannot serve as a ground for federal jurisdiction under 12 U.S.C. § 1819. We disagree.

We note at the outset that 12 U.S.C. § 1823(d) specifically authorizes the FDIC, as Receiver, to sell bank assets to FDIC, as corporation, and that FDIC, as corporation, is empowered to 'purchase and liquidate or sell any part of the assets of an insured bank.' The only limitation placed upon such sale by the FDIC, as Receiver, to FDIC, as corporation, is that court approval of the sale is required. Though the complaint itself does not allege such court approval, plaintiff's memorandum asserts that court approval was received, and defendant does not appear to contest the point.

From the statutory authorization of 12 U.S.C. § 1323(d), which empowers the FDIC, as corporation, to 'liquidate . . . assets of an insured bank' it is clear that, contrary to defendant's assertions, liquidation procedures are not solely receivership functions. See also, 12 U.S.C. § 1823(e). Thus, though there may be a certain overlap in the permissible functions of FDIC in its corporate and Receiver capacities, such activities are specifically authorized by the statute. And the mere fact that the corporation's activities may in some respects be similar to those of the Receiver does not serve as grounds for the invalidation of the statutorily mandated federal jurisdiction regarding actions involving FDIC, as corporation. Defendant's arguments to the contrary are unpersuasive.

Though the parties have cited no cases which specifically address the jurisdictional question raised herein, federal courts have long recognized the varying capacities in which the FDIC can act in the same transaction, See, e. g., *Landy v. FDIC*, 486 F.2d 139 (3rd Cir. 1973); *Freeling v. Sebring*, 296 F.2d 244 (10th Cir. 1961); *In re Franklin National Bank*, 381 F.Supp. 1390 (E.D.N.Y.1974), and have not even raised the jurisdictional question in instances, as here, where FDIC, as corporation, sued in federal court over assets it had purchased from FDIC, as Receiver. See, e. g., *FDIC v. American Bank Trust Shares, Inc.*, 412 F.Supp. 302 (D.S.C.1976); *FDIC v. Vineyard*, 346 F.Supp. 489 (N.D.Tex. 1972).

Based upon the authorities and reasoning contained in plaintiff's memorandum, we are convinced that this Court has subject matter jurisdiction over this action pursuant to 12 U.S.C. § 1819, since this action is brought by FDIC as purchaser in its corporate capacity. Accordingly, defendant's motion to dismiss is denied."

Finally, it is noteworthy that *FDIC v. Louisiana National Bank*, cousin to the present suit, involving ICB, involved FDIC's effort, in its corporate capacity, to recover the sum of $303,-727.36 previously belonging to ICB in the form of funds on deposit with the defendant Louisiana National Bank. The Court curtly rejected the *Ashley* decision and specifically approved the rationale of *Harvey A. Braun v. FDIC*, thereby denying the defendant's motion to dismiss for lack of jurisdiction.

jurisdiction under 28 U.S.C. § 1345. See *F.S.L.I.C. v. Fielding, supra.*

In accordance with the foregoing, the individual motions to dismiss for lack of subject matter jurisdiction, filed in behalf of Alonzo G. Ensenat, Otto B. Candies, and Wilson P. Abraham are hereby DENIED.

New Orleans, Louisiana, this 20th day of October, 1977.