**FEDERAL DEPOSIT INSURANCE CORPORATION, Liquidator of the Hamilton National Bank of Chattanooga**

v.

**Thomas C. SMITH and Robert D. Freeman.**

**Civ. A. No. C78–1719A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 2, 1979.

---

Lowell H. Hughen, Thomas E. Prior, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for plaintiff.

David G. Bisbee, Donald W. Janney, Troutman, Sanders, Lockerman & Ashmore, Joseph A. Carragher, Jr., Atlanta, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This action was filed by the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity as liquidator of the Hamilton National Bank of Chattanooga ("Bank") seeking to recover on certain guaranties executed by the defendants. Jurisdiction is invoked pursuant to 28 U.S.C. § 1348 and 12 U.S.C. § 1819. Presently pending before the Court is plaintiff's motion for judgment on the pleadings on the counterclaims asserted in the defendants' answers.

This action was initiated to recover on certain guaranties of payment executed by the defendants on four promissory notes executed by Scandia Builders, Inc. ("Scandia"). Each defendant answered the complaint and asserted identical counterclaims. The counterclaims allege that Hamilton Mortgage Corporation ("HMC") failed to fund its loan obligations to Scandia. In addition HMC allegedly failed to execute releases on certain property which Scandia wished to sell. The counterclaims contend that, "Because of the failure of Hamilton Mortgage Corporation to fund and to release property, both Scandia and Defendant[s] . . . have been damaged and suffered losses . . . " Both defendants were officers of Scandia at all times relevant to this action and guarantors of the notes giving rise to this action.

The pleadings indicate that each of these notes was executed and delivered to HMC and subsequently assigned in large part (the smallest being a 96.07 per cent interest) to the Bank. It is undisputed that both defendants executed "Guaranties of Payment" on the notes described in count one of the complaint. Defendant Smith executed said guaranties on the notes described in the three remaining counts of the complaint.

The Bank was declared insolvent by the Comptroller of the Currency as of February 16, 1976. As a result of this determination the FDIC was appointed as Receiver of the Bank and was assigned the four notes described in the complaint. Documents attached to plaintiff's supplemental brief support its claim that this suit was not instituted in its capacity as receiver. Pursuant to 12 U.S.C. § 1823(d) the FDIC, acting in its corporate capacity, purchased these notes from the FDIC, acting in its capacity as receiver for the Bank. Judicial approval for the sale was given, as required by statute, by the United States District Court for the Eastern District of Tennessee. *In the Matter of the Liquidation of The Hamilton*

*National Bank, Chattanooga, Tennessee,* Civil No. 1–76–32 (E.D.Tenn. Feb. 16, 1976). In this way the FDIC, in its corporate capacity, is able to pursue the claims presently before the Court.

The dual role played by the FDIC in situations like the present one has repeatedly been approved by the courts. *FDIC v. Godshall,* 558 F.2d 220 (4th Cir. 1977); *FDIC v. Glickman,* 450 F.2d 416 (9th Cir. 1971); *FDIC v. Abraham,* 439 F.Supp. 1150 (E.D.La.1977). Describing these dual roles, the district court in *Abraham,* 439 F.Supp. at 1151, said:

As a receiver of the insolvent bank the FDIC becomes a representative of that bank and is required to marshall the assets of that bank for its shareholders and creditors. In its corporate capacity the FDIC functions separately as a federal insurer of bank deposits, each capacity designed to secure a different purpose and each is governed by an express statute.

Any contention by the defendants that the FDIC as receiver for the Bank "stands in the shoes" of the Bank must be rejected. In its corporate role, the FDIC is an insurer and is not saddled with liabilities of the insolvent bank. Any references to holder in due course status are equally irrelevant since the statutory framework relied on by the plaintiff is based on the federal public policy protecting the institution of banking. *Dasco, Inc. v. American City Bank and Trust Co.,* 429 F.Supp. 767 (D.Nev.1977).

Congressional intent in this matter is clearly indicated in 12 U.S.C. § 1823(e). Section 1823(e) provides that the FDIC can purchase the assets of an insolvent bank to facilitate the sale of assets and assumption of liabilities of the closed bank by another bank. That section further provides that:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

It has been held that the effect of section 1823(e) is to insulate the FDIC, in its corporate capacity, from any claims a defendant may have against the insolvent bank. See, *FDIC v. James T. Barry Co.,* 453 F.Supp. 81 (E.D.Wis.1978). While this Court need not go that far it is clear that the quoted section, "operates to insure that the FDIC, when it expends moneys intrusted to it to purchase assets of a closed insured bank, can rely on the bank's records and will not be risking an impairment of the assets through an agreement not contained in the bank's records" *FDIC v. Vogel,* 437 F.Supp. 660, 663 (E.D.Wis.1977).

In the present action, section 1823(e) protects the plaintiff from any potential liability from defendants' counterclaims. This means that no money judgment is available to the defendants' nor may their counterclaims act as a set-off to diminish any recovery by the plaintiff. Any actions based on the counterclaims must be brought against the FDIC in its capacity as receiver for the insolvent bank. Matters outside the pleadings having been considered, the plaintiff's motion will be regarded as one for summary judgment. Rule 12(b), Fed.R. Civ.P.

Accordingly, plaintiff's motion for summary judgment on the counterclaims of each defendant is GRANTED.