**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Pedro Nelson RODRIGUEZ and Consuelo L. RODRIGUEZ, his wife, and Luis Ernesto Mellado, Defendants.**

No. 85–2635–Civ.

United States District Court, S.D. Florida.

July 21, 1986.

John C. Taylor, Kimbrell & Hamann, Miami, Fla., for plaintiff.

Thomas R. Spencer, Jr., Andrew S. Berman, Spencer, Bernstein, Seemann, Klein & Perlstein, Miami, Fla., for defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Plaintiff's Motion For Partial Summary Judgment (DE 30), only as to the Defendants, PEDRO NELSON RODRIGUEZ and CONSUELO L. RODRIGUEZ, his wife, (hereinafter referred to as "Defendants"), pursuant to Fed.R.Civ.P. 56. Oral argument was had before the Court at the Pretrial Conference on June 25, 1986.

The Plaintiff is seeking Partial Summary Judgment in its favor only as to liability of the Defendants as to the note described in Count I of the Complaint filed herein and of the Defendant, PEDRO NELSON RODRIGUEZ, as to Counts II and III of the Complaint.

At oral argument aforementioned, counsel for the Defendants admits that with respect to the Defendant, PEDRO NELSON RODRIGUEZ, and as to the notes described in Counts I, II and III of the Complaint filed herein, that there is no genuine issue of material fact or law as to liability. Regarding the Defendant, CONSUELO L. RODRIGUEZ, counsel for said Defendant claims that there is a genuine issue of material fact as to liability, claiming that there was a novation and no consideration.

The Court is mindful of the standard which this Court is under in reviewing a Summary Judgment Motion. It may be entered only where there is *no* genuine issue of material fact. Moreover, the moving party has the burden of meeting this exacting standard. See *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemens v. Dougherty County, Georgia*, 684 F.2d 1365, 1368 (11th Cir.1982); *Amery, Inc. v. Gulf Abstract & Title*, 758 F.2d 1486, 1502 (11th Cir.1985).

The Plaintiff in its corporate capacity holds assets of a predecessor institution as a purchaser and not as a Receiver. *Federal Deposit Insurance Corporation v. First Mortgage Investors*, 485 F.Supp. 445 (E.D.Wis.1980). Under the Federal Deposit Insurance Act, 12 U.S.C. Section 1823(e) (1980), the Plaintiff, FDIC, while acting in its corporate capacity, is protected from any defenses raised by the obligor whose assets have been acquired by the FDIC, unless those defenses meet certain statutory requirements. The obvious purpose is to insulate the FDIC from any "side agreements" which tend to defeat or diminish the FDIC's rights in an asset purchased. *Chatham Ventures, Inc. v. Federal Deposit Insurance Corporation*, 651 F.2d 355 (5th Cir.1981).

The FDIC's statutory protection, pursuant to Section 1823(e), provides that:

"No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset required by it under this section either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the Board of Directors of the bank or its Loan Committee, which approval shall be reflected in the minutes of said Board or Board Committee and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

The public policy effectuated by Section 1823(e) is to allow the FDIC to purchase assets of insolvent banks " ... to facilitate the sale of assets and assumption of liability of the closed bank by another bank." *FDIC v. Smith*, 466 F.Supp. 843 (N.D.Ga. 1979). Otherwise, without such protection, the obvious risks of such purchases would be too great.

Pursuant to Section 1823(e), all four requirements of that Section must exist be-

fore any agreements or collateral to the notes are recognized. The Plaintiff urges that the only test necessary to determine whether the requisites of Section 1823(e) apply is whether the alleged agreement "tends to diminish or defeat the right of title and interest of the [FDIC] in any asset acquired by it under the Section...." *Federal Deposit Insurance Corporation v. First Mortgage Investors*, 485 F.Supp. 445 (E.D.Wis.1980). Plaintiff urges that any side agreements to extend the loans in issue would, if recognized, diminish the right, title and interest of the Plaintiff (FDIC).

In analyzing the Defendants' defenses, their First Affirmative Defense is that all loan obligations had been extended and that the Plaintiff's unilateral action was unwarranted and unnecessary in view of Defendants' excellent credit standing and mercantile responsibility. The record does not support this position. No documentation has been provided by the Defendants evidencing any new note, new loan agreement or any other relevant evidence that such loans had been validly extended. The position of the Defendants is based solely on an unexecuted note and various correspondence which refer to an intention to provide an assignment of proceeds and oral conversations with various officers of Plaintiff's predecessor, All American Bank.

The Defendants' Second Affirmative Defense basically goes to the issue of damages and does not affect the issue of liability.

Likewise, the Defendants' Third and Fourth Affirmative Defenses go solely toward the issue of damages.

The law is clear that an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56(e), Fed.R.Civ.P., must set forth specific facts that there is a genuine issue for trial. If not, Summary Judgment, if appropriate, shall be entered.

The Defendants seek to raise a genuine issue of material fact that new consideration was given when the note in the original principal amount of $100,000.00, origi-

nally executed by the Defendant, PEDRO NELSON RODRIGUEZ, and the Defendant, CONSUELO L. RODRIGUEZ, was renewed and executed *solely* by the Defendant, PEDRO NELSON RODRIGUEZ. Defendants contend that there is nothing in the record upon which this Court can conclude that there is no issue as to the consideration for the renewal. Defendants further contend that the affidavit of the Defendant, PEDRO NELSON RODRIGUEZ, demonstrates that there was adequate consideration for the renewal.

The Plaintiff's position is not that there was inadequate consideration for the renewal, but rather that there was *no new consideration* given for the release of the Defendant, CONSUELO L. RODRIGUEZ. Once again, the Defendants have provided no evidence of any kind in the record or by way of discovery of any *new consideration.* Pursuant to Rule 56(e), Fed.R.Civ.P. and the cases interpreting same, the mere allegation that new consideration was given such as may be inferred from the denial contained in the Defendants' Answer and the affidavit of the Defendant, PEDRO NELSON RODRIGUEZ, is insufficient as a matter of law.

The Defendant, PEDRO NELSON RODRIGUEZ', mere allegation that the $100,-000.00 loan was renewed upon consideration of a $10,000.00 pay-down of principal is unsupported by bank records and the Defendant, PEDRO NELSON RODRIGUEZ, has produced no such evidence of any pay-down (i.e., cancelled checks, receipts or other documentation) and the "renewal note" referred to in Count I of the Amended Complaint and which is attached as Exhibit "B" to the original Complaint is in the principal amount of $100,000.00 and not $90,000.00.

The Court, having reviewed the court file, having considered the pleadings, affidavits filed in support of and in opposition to the Plaintiff's Motion For Partial Summary Judgment (DE 30), and the Court having considered the Memorandum of Law, the Court finds that there is no genuine issue of material fact and that as a

matter of law the Plaintiff is entitled to Partial Summary Judgment as to liability and against the Defendant, PEDRO NELSON RODRIGUEZ and the Defendant, CONSUELO L. RODRIGUEZ, as to Counts I, II and III of the Amended Complaint filed herein. The Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion For Partial Summary Judgment (DE 30) as to Counts I, II and III of the Amended Complaint filed herein as to the issue of liability only and against the Defendants, PEDRO NELSON RODRIGUEZ and CONSUELO L. RODRIGUEZ, be and the same is hereby GRANTED.