**166**

FEDERAL DEPOSIT INSURANCE
CORPORATION, In Its Corporate
Capacity, Plaintiff,

v.

Pauline M. PERCIVAL, Defendant.

No. CV88–0–257.

United States District Court,
D. Nebraska.

June 27, 1989.

David A. Beck, Omaha, Neb., Paul A. Zoss, Des Moines, Iowa, for plaintiff.

Wesley C. Mues, Kearney, Neb., for defendant.

MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

Pending before the court is plaintiff's motion for a protective order under Rule 26(c), F.R.Civ.P., wherein it seeks permission of this court to refuse to answer two requests for admissions propounded by the defendant.

This is an action filed by the F.D.I.C. following its acquisition of certain assets of Security State Bank in Oxford, Nebraska to collect on a guaranty allegedly signed by the defendant. The guaranty (Filing 1, Ex. "A") limits the signatory's liability to $35,000 and guarantees payment up to that liability limit on notes executed by the "Percival Brothers (Mark Percival and Gary Percival)." (Filing 1, Ex. "A").

On October 1, 1987 the Security State Bank was declared insolvent and the F.D.I.C. accepted appointment as receiver of the bank. Thereafter, the F.D.I.C., in its corporate capacity, purchased certain assets of the insolvent bank; allegedly including the guaranty at issue herein. As a

defense to this action the defendant asserts that her liability on the guaranty was discharged on September 11, 1987 by virtue of an accord and satisfaction with Security State Bank. (Filing 4, Ex. "D"). In an attempt to discover evidence required to prove this defense, the defendant served upon the plaintiff several Requests for Admissions and Interrogatories, which include the following two requests for admissions at issue:

> Request No. 25: That the Agreement [the accord and satisfaction], ..., was approved by the Board of Directors of the Bank orally.

> Request No. 26: That the Board of Directors of the Bank received notice of the consummation of the Agreement [the accord and satisfaction]....

(Filing 13).

In its motion for a protective order, the plaintiff asserts that these requests are irrelevant to the subject matter of this action and, therefore, improper. Plaintiff bases its position on 12 U.S.C. § 1823(e), the Federal Deposit Insurance Act of 1950, (hereafter the FDIA), and the United States Supreme Court's opinion in *Langley v. Federal Deposit Insurance Corporation*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

The FDIA, 12 U.S.C. 1823(e), is a codification of the landmark case of *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), which held that "secret agreements" between makers of notes and failed banks could not be asserted as a defense to suit by the F.D.I.C. due to its tendency to deceive banking authorities. The United States Congress codified the doctrine set forth in *D'Oench Duhme, supra*, when it passed into law 12 U.S.C. § 1823(e) which states as follows:

> No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

The statute reflects a policy of requiring full disclosure of all material terms of bank loans to permit the FDIC to accurately value a bank's assets and make an informed decision on how to best deal with its insolvency. *FDIC v. Investors Associates, Ltd.*, 775 F.2d 152, 155 (6th Cir.1985); *FDIC v. Hatmaker*, 756 F.2d 34, 37 (6th Cir.1985);

The *D'Oench* rule stands for the proposition that, as a matter of public policy, a secret agreement cannot be used as a defense to a claim by the FDIC upon a written instrument. *D'Oench, Duhme, supra*, 315 U.S. at 460, 62 S.Ct. at 680–81. Obviously, it is secret, *oral* agreements that would most likely "... deceive the creditors or the public authority, or would tend to have that effect." *Id.* The writing requirement embodied within § 1823(e) is seen as the most important of the statute's mandates. *FDIC v. Venture Contractors, Inc.*, 825 F.2d 143 (7th Cir.1987).

In this case, the F.D.I.C. argues that the accord and satisfaction defense asserted by the defendant falls within the purview of § 1823(e); or, in other words, that the accord and satisfaction was an "agreement" within the meaning of § 1823(e) which must comply with all four requirements of that statute in order to be a valid defense to this action. Specifically, the F.D.I.C. alleges that this accord and satisfaction "agreement" does not meet the second requirement of § 1823(e); that the agreement must have been executed "contemporaneously with the acquisition of the asset by the bank."

Despite the often harsh results, strict compliance with the four requirements of § 1823(e) is the general rule among those courts which have addressed the issue.

The First Circuit has held that a written release agreement relating to a mortgage guaranty had no validity against the FDIC because the release satisfied only the first requirement of § 1823(e). *FDIC v. P.L.M. Intern., Inc.*, 834 F.2d 248, 253 (1st Cir. 1987). At least two cases have held that failure to meet even one of the four requirements (in those cases requirement # 2) renders an agreement unenforceable against the FDIC. *FDIC v. Waldron*, 472 F.Supp. 21 (D.S.C.1979), *aff'd*, 630 F.2d 239 (4th Cir.1980); *FDIC v. Eagle Properties, Ltd.*, 664 F.Supp. 1027 (W.D.Tex.1985). Indeed, the court in *Eagle Properties* concluded:

> The case law subsequent to this statutory enactment is well settled that any alleged agreement whatsoever which diminishes the interest of the FDIC in an asset which it has acquired from a bank pursuant to 12 U.S.C. 1823(e) is absolutely invalidated as against the corporation, unless *each of the statutory requirements* is met. *Federal Deposit Insurance Corporation v. de Jesus Velez*, 678 F.2d 371, 375 (1st Cir.1982). *See also Federal Deposit Insurance Corporation v. Hoover–Morris Enterprises*, 642 F.2d 785 (5th Cir.1981); *FDIC v. First Mortgage Investors*, 485 F.Supp. 445, 451 (E.D.Wis.1980); *FDIC v. Waldron*, 472 F.Supp. 21, 25 (D.S.C.1979), aff'd. 630 F.2d 239 (4th Cir.1980); *Federal Deposit Insurance Corporation v. Smith*, 466 F.Supp. 843, 845 (N.D.La.1979). This law is based not on a theory of holder in due course status, but on the federal public policy of protecting the institution of banking. *Id.*, *Dasco v. American City Bank and Trust*, 429 F.Supp. 767 (D.Nev.1977).

*FDIC v. Eagle Properties, Ltd.*, 664 F.Supp. at 1051. (emphasis added). The recent case of *F.D.I.C. v. Hughes Development Co., Inc.*, 684 F.Supp. 616, 619–20 (D.Minn.1988) appears to be in accord with this position.

In *Langley v. Federal Deposit Insurance Corporation*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) the Supreme Court discussed, *inter alia*, the applicability of § 1823(e) when a defense of fraud in the inducement has been raised against the FDIC and it is alleged that the FDIC knew of that defense when it acquired the note upon which it sought to recover. In holding that neither fraud in the inducement nor the FDIC's knowledge thereof is relevant to the application of § 1823(e), the Court alluded to the necessity of strict compliance with the terms of § 1823(e) when it stated:

> The short of the matter is that Congress opted for the certainty of the requirements set forth in § 1823(e). An agreement that meets them prevails even if the FDIC did not know of it; and an agreement that does not meet them fails even if the FDIC knew. It would be rewriting the statute to hold otherwise.

*Id.* 108 S.Ct. at 403.

As noted by the defendant, however, if it is held that the accord and satisfaction defense in this case is barred by the "contemporaneous" requirement of § 1823(e), then it would appear that a disputed debt between a maker and the bank could never be resolved "to the satisfaction of the FDIC" (Defendant's brief, p. 5) nor to the protection of the maker or guarantor of the note. The legal nature of an accord and satisfaction necessarily negates the possibility of such an agreement being executed at the time the note is drafted. The question then becomes, does § 1823(e), and its "contemporaneous" requirement, necessarily bar accord and satisfaction defenses asserted against the FDIC? The case law on this issue is sparse and contradictory, leaving the question as yet unsettled.

In *Federal Deposit Ins. Corp. v. Nemecek*, 641 F.Supp. 740 (D.Kan.1986), this precise issue was addressed by the court in its resolution of the defendants' (makers on a promissory note) motion to enforce a settlement agreement. In *Nemecek* the debtors were in default on a note executed with the Decatur County National Bank, a note which was secured by certain land in Decatur County, Kansas. The bank, prior to insolvency, had filed suit against the debtors and in November of 1984 the parties agreed to a settlement "whereby the Bank would accept quitclaim deeds for the mort-

gaged property in lieu of foreclosing and seeking a deficiency." *Id.* at 741. Those quitclaim deeds were then delivered to the bank's attorney by the defendants. Subsequently, on November 21, 1985, the bank was declared insolvent and the FDIC was appointed receiver. After being substituted as plaintiff in the bank's suit against the defendants, the FDIC responded to the defendants' motion to enforce the settlement agreement by arguing that it should be denied because § 1823(e) protected the FDIC from any oral agreement that would tend to diminish its interest in any asset purchased from the failed bank.

In granting the defendants' motion and dismissing the action, the court held:

> [B]y its terms, in order for [§ 1823(e)] to apply, the FDIC must first have *acquired* the asset from the failed bank. This section has no application where "the parties contend that no asset exists or an asset is invalid and that such invalidity is caused by acts independent of any understanding or side agreement." *F.D.I.C. v. Merchants Nat. Bank of Mobile,* 725 F.2d 634, 639 (11th Cir.), *cert. denied,* 469 U.S. 829, 105 S.Ct. 114, 83 L.Ed.2d 57 (1984). *See also Federal Deposit Ins. v. Blue Rock Shopping Center,* 766 F.2d 744 (3d Cir.1985); *Howell v. Continental Credit Corp.,* 655 F.2d 743 (7th Cir.1981); *Riverside Park Realty Co. v. F.D.I.C.,* 465 F.Supp. 305, 312–13 (M.D.Tenn.1978).

641 F.Supp. at 742.

The court then went on to hold that under Kansas law an accord and satisfaction had been reached between the bank and the debtors, that such settlement was complete prior to the insolvency of the bank and, therefore, "the obligors' note with the Bank was cancelled and was not an asset which the FDIC acquired in its purchase." *Id.* at 743. Thus, the court held that § 1823(e) was inapplicable because the FDIC had not "acquired an asset" as regarded the debtors against whom the suit was brought.

The plaintiff points out that *Nemecek* was criticized by the District Court of Puerto Rico in *Federal Deposit Ins. Corp. v. Grupo Girod Corp.,* 680 F.Supp. 486, 491, n. 6 (1988). However, the court in *Grupo* criticized *Nemecek* in a footnote to its discussion of whether, under the laws of Puerto Rico, the FDIC in that case was a holder in due course who took a negotiable instrument, without knowledge of defects in the instrument, and thus free from the defense of payment of the underlying obligation. The precedential value of a footnote which relates to a discussion of the FDIC as a holder in due course under Puerto Rican law is at least questionable. In addition, it is interesting to note that another judge from the same court, some seven months later, cited *Nemecek* with approval when it was held that § 1823(e) was inapplicable where "the debt which forms the basis of the asset claimed by the FDIC was satisfied [through the assumption of the debt doctrine] *before* FDIC acquired the bank's assets." *Federal Deposit Ins. Corp. v. Prann,* 694 F.Supp. 1027, 1037 (D.Puerto Rico 1988).

The case most directly at odds with *Nemecek, Federal Deposit Ins. Corp. v. Manatt,* 688 F.Supp. 1327 (E.D.Ark.1988), arose in an FDIC suit against the maker of seven promissory notes. The defendant attempted to assert an accord and satisfaction defense which was based on a written agreement which was apparently executed nearly six months prior to the FDIC's acquisition of the assets of the failed bank. Indeed, the defendant cited the *Nemecek* case in support of his position that § 1823(e) was inapplicable to the case since an accord and satisfaction had been reached prior to the FDIC acquiring the bank's assets. With no discussion of the holding in *Nemecek,* the court in *Manatt* held that whether such an alleged "agreement" is oral or written, "the statutory requirements of § 1823 must nevertheless be satisfied when the defense of accord and satisfaction is raised." *Id.* at 1330.

The court went on to find that the "contemporaneous" requirement of 1823(e) had not been met in the case and therefore, in accordance with the Supreme Court opinion in *Langley, supra,* the defense must fail. Further, the court noted that even if the

requirements of § 1823(e) had been met (seemingly an impossible scenario), under Arkansas law the agreement set forth as the basis for the defense could not amount to a valid accord and satisfaction because the agreement amounted to a partial payment of a liquidated or undisputed claim. Finally, the court noted that even an affirmative conclusion as to a valid accord and satisfaction would be of no avail to the defendant due to the FDIC's status as a holder in due course and the court's finding that the FDIC took the notes, on the facts of that case, without actual notice of the agreement. *Id.* at 1332.

The remaining two cases that have discussed this issue both dealt with alleged oral accord and satisfaction agreements. In *Federal Deposit Ins. Corp. v. Leach,* 525 F.Supp. 1379 (E.D.Mich.1981), the FDIC filed suit against the makers of notes it had acquired as assets from an insolvent bank. In response to the FDIC's motion for summary judgment on the notes, the defendants asserted *inter alia,* that an oral accord and satisfaction agreement had been reached with the president of the failed bank when the defendants endorsed and delivered a 90–day demand note payable to the bank, allegedly in full satisfaction of their debt.

The court held that the alleged oral accord and satisfaction agreement "is clearly within the scope of 12 U.S.C. § 1823(e)" and that the agreement met none of the four requirements of that section. *Id.* at 1386. Despite the court's seemingly emphatic conclusion that § 1823(e) barred the defendants' accord and satisfaction defense, it went on to conclude that none of the facts before the court supported the defendants' assertion that an agreement had been reached which satisfied their debt. The court noted:

> It is undisputed that the bank continued to carry both notes, unpaid, on their books as assets even after acceptance of the "collateral" note, allegedly in full payment of or substitution for the personal note. Neither note was marked paid, and the second bore the endorsement of a "collateral" status for the first. Bank examiners, and all other authorities, have been led to believe that the bank's assets included the [defendants' note], secured by the collateral of the ... note [allegedly given in satisfaction of the defendants' note]. Neither was cancelled, or returned to its maker.

*Id.* It would seem from the facts of the case that the defendants either could not or did not prove a valid accord and satisfaction in the first instance.

In the only circuit court case to address this issue, the Third Circuit held that § 1823(e) barred a defense of an oral accord and satisfaction to a claim on a letter of credit. *Public Loan Co. v. Federal Deposit Ins. Corp.,* 803 F.2d 82 (3rd Cir. 1986). In *Public Loan,* the Third Circuit upheld the district court's dismissal of that count in Public Loan's complaint which alleged that its obligation on the letter of credit at issue was fully satisfied by an accord and satisfaction. The appeals court held that § 1823(e) in fact barred defenses based on an oral accord and satisfaction. Of particular interest, however, is the Third Circuit's finding that the accord and satisfaction asserted in the case failed to meet the *first* and *fourth* requirements of the statute (the writing requirement and the "continuous, official record of the bank requirement"). There is no discussion in the case as to whether the accord and satisfaction met the other two requirements and, if so, how it could have met requirement two, the "contemporaneous" requirement.

In its motion for a protective order, the plaintiff is in essence asking this court to decide substantive issues in this case. A grant of this protective order under the theory propounded by the plaintiff (lack of relevance) would necessarily be a ruling that § 1823(e) bars defendant's accord and satisfaction defense. In the absence of Eighth Circuit authority on this issue and in light of the split of authority in the courts which have considered this issue, I conclude that it would be inappropriate to grant a motion for a protective order that would in essence amount to a partial summary judgment for the plaintiff. Such a ruling should come only after each party

has had a full and fair opportunity to submit all relevant evidence to the court. This is equally true in relation to the plaintiff's alternative argument which asserts that even if there was a valid accord and satisfaction in this case, the FDIC took the asset as a holder in due course and that its status protects it against the assertion of this defense by the defendant. *Manatt, supra,* at 1330. As pointed out by the plaintiff, however, such holder in due course status, if such status is found, will only protect the FDIC *if* it is shown that it took the asset without "actual knowledge" of the asserted defense. *See, Manatt, supra,* at 1331; *FDIC v. Wood,* 758 F.2d 156, 161 (6th Cir.1985). Obviously the question of "actual knowledge" is one of fact to be decided by the trier of fact. Any resolution of that question on this motion would also be inappropriate.

It may be that after development of the facts, this issue should be resolved by motion for summary judgment. In light of the tendency of other courts to examine the validity of the asserted accord and satisfaction defenses under state law either prior to reaching the issue under § 1823(e) or together with consideration of it, however, I am most reluctant to foreclose the opportunity to even discover facts related to the claimed defense. In the absence of a holding that § 1823(e) bars defendant's accord and satisfaction defense in this case, I cannot conclude that the defendant's requests for admissions are irrelevant, nor that any other good cause exists for the issuance of a protective order. The questions at issue relate directly to the validity of the accord and satisfaction allegedly entered into between the debtor and the insolvent bank and, therefore, the answers to these questions are likely to be a necessary part of the defendant's proof on the asserted defense. The plaintiff does not assert and there is no evidence to support a conclusion that the discovery at issue herein is burdensome or oppressive. Therefore, I shall order the plaintiff to answer the requests for admissions as submitted by the defendant.

In addition, pursuant to Local Rule 20A(2), the plaintiff has submitted in support of its motion for a protective order evidentiary materials, including an affidavit from plaintiff's counsel intended to identify and authenticate the documents submitted. The defendant has objected to the submission and consideration of the evidence and affidavit and I find the objection well taken. Rule 20 requires that each affidavit must, *inter alia,* "... show affirmatively that the affiant is competent to testify to the matters stated therein...." The evidence submitted is, in its present form, hearsay and thus inadmissable evidence. In accordance with Rule 20 I shall not receive or consider the affidavit and documents in support of the motion for a protective order. I note, however, that even if the plaintiff's evidence had been received and considered, it would not have altered the disposition of this motion as set forth above.

IT THEREFORE IS ORDERED that plaintiff's motion for a protective order, filing 13, is denied.